IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDERSON P. THURSTON,

    Petitioner,                 No. CIV S-08-2280-LKK-GGH P

    vs.

JAMES YATES,

    Respondent.              ORDER

_____/

        On January 29, 2010, the undersigned recommended respondent's motion to dismiss the instant habeas petition as barred by the AEDPA statute of limitations, filed on March 30, 2009, be granted. Nevertheless, respondent has filed a motion for reconsideration directed to the undersigned, pursuant to L.R. 78-230(k).[1] In the pending <u>Findings and Recommendations</u> (docket # 27), pp. 4, 6, it was noted that respondent had failed to raise an argument for statutory untimeliness under <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 125 S.Ct. 1807 (2005), based on petitioner's initial state habeas petition having been denied by the California Supreme Court with a citation to <u>In re: Clark</u>, 5 Cal.4th 750 (1993), but that this court would not raise it for respondent. Respondent now seeks to have the court permit belated incorporation of a <u>Pace</u>

---

[1] The Amended Local Rules have been in effect since December 1, 2009, and former L.R. 78-230 is now simply designated as L.R. 230.

1

untimeliness argument "in order to preserve the issue," but without offering any explanation as to why the argument was not made appropriately within the motion, how the failure to include it should be construed as anything other than a waiver of any such argument for purposes of the motion, and how it would be anything but unduly prejudicial to petitioner pro se to allow retroactive incorporation of an argument which would necessarily obviate any ability by petitioner to respond.

Accordingly, IT IS ORDERED that respondent's motion for reconsideration, filed on February 5, 2010 (docket # 28), is denied.

DATED: February 17, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
thur2280.rcn