IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDERSON P. THURSTON,

    Petitioner,               No. CIV S-08-2280 LKK GGH P

    vs.

JAMES YATES,

    Respondent.             <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has timely filed a notice of appeal of this court's March 9, 2010, dismissal of his application for a writ of habeas corpus. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

        A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

        Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it

1

debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). As to the second step of the analysis, the court is "simply [to] take a quick look at the face of the [petition] to determine whether the petitioner has facially alleged the denial of a constitutional right." Morris, 229 F.3d at 781 (quoting Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000)).

Jurists of reason could find it debatable whether the district court was correct in ins procedural ruling that petitioner is not entitled to additional equitable tolling. Jurist of reason could not, however, find it debatable as to whether the district court was correct not to apply the actual innocence exception to compliance with the AEDPA statute of limitations.

Further, petitioner has made a facial showing of the denial of constitutional right in the following claims: (1) denial of due process/violation of double jeopardy clause when trial court reneged on plea agreement without sufficient cause forcing petitioner to withdraw his guilty plea; (2) prosecutor wrongly permitted to change enhancements with life-in-prison exposure after having previously agreed to four-to-eight year maximum sentence; (3) decision to charge petitioner with multiple strikes was in retaliation for his having exercised his constitutional rights; (4) prosecutor violated petitioner's Fourteenth Amendment rights by reneging on a plea deal then using confidential statements made during plea negotiations against petitioner at trial; (5) ineffective assistance of trial and appellate counsel; (6) trial court's jury instruction on Cal. Veh. Code § 2800.2 with CALJIC 12.85 violated due process, substituting a mandatory presumption of proof of the critical element of the crime; (7) trial court erred by failing to instruct jury that traffic violations had to involve unsafe operation of motor vehicle; (8) Cal. Veh. Code § 2800.2 fails to give notice, in violation of due process, of the precise conduct prohibited by the "willful and wanton disregard" element; (9) trial court erred by refusing petitioner access to juror information to determine whether any juror had read a highly prejudicial news article on

1 second day of trial; and (10) trial court violated due process when failing to unseal juror
2 information after defense counsel showed good cause.
3    Accordingly, IT IS HEREBY ORDERED that a certificate of appealability is
4 issued in the present action as to the issues indicated above.
5 DATED: May 18, 2010.

```
                                    /s/ Lawrence K. Karlton
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT
```